UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EXPERT MICROSYSTEMS, INC., and
INTELLECTUAL ASSETS, LLC,

       2:06-CV-0709-MCE-DAD

    Plaintiffs,

  v.                    MEMORANDUM AND ORDER

SMARTSIGNAL CORPORATION,
JAMES P. HERZOG, an Individual, and
STEPHEN W. WEGERICH, an Individual,

    Defendants.

----oo0oo----

Through the present suit, Plaintiffs Expert Microsystems, Inc., and Intellectual Assets, LLC, ("Plaintiffs") allege that SmartSignal Corp., James P. Herzog, and Stephen W. Wegerich ("Defendants") violated the Copyright Act, 17 U.S.C. § 501, misappropriated trade secrets and implemented unlawful and/or fraudulent business acts or practices.

///
///
///
///

1

In bringing the present Motion, Defendants seek to change venue pursuant to 28 U.S.C. § 1404a.  For the reasons set forth below, Defendants' Motion for Change of Venue is granted.[1]

**BACKGROUND**

In June 1994, California based Plaintiff Expert Microsystems formed a joint venture with Nevada based Plaintiff Intellectual Assets for the purpose of procuring contracts to conduct research and development on behalf of NASA.  In preparing their proposal for NASA, the Plaintiffs developed proprietary software, technology, technical data, and trade secret information ("Proprietary Confidential Information").  On December 20, 1995, the Plaintiffs and Argonne National Laboratory ("ANL") entered into a Non-disclosure Agreement for Evaluation of Proprietary Data, which included the evaluation of the Proprietary Confidential Information.  On July 30, 1996, Plaintiffs and ANL entered into a Cooperative Research and Development Agreement ("CRADA 9600901") wherein ANL would act as a subcontractor in Plaintiffs' projects with NASA.  In October 1996, the joint venture dissolved and Expert Microsystems assumed all of the joint venture's responsibilities.  The relationship between Plaintiff Expert Microsystems and ANL continued through 2001, during which time four more agreements were executed with ANL acting as a subcontractor for continuing projects with NASA.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1    In the course of performing under CRADA 9600901, ANL and
2 Plaintiff Expert Microsystems co-authored confidential computer
3 software ("Confidential Computer Software").  On March 21, 2001,
4 the University of Chicago, on behalf of ANL, entered into an
5 Exclusive Intellectual Property Licensing Agreement with
6 Plaintiff Expert Microsystems whereby Expert Microsystems was
7 granted an exclusive right to and license in Licensed Materials
8 developed under CRADA 9600901.  The Licensed Materials included
9 the Confidential Computer Software.  On March 22, 2001, Expert
10 Microsystems registered three works, one or more portions of
11 which allegedly included the Confidential Computer Software.
12    Defendants Wedgerich and Herzog were employed by ANL until
13 May 1999, and July 2000, respectively.  Both traveled to
14 California from Illinois to attend design reviews and meetings
15 with Plaintiffs' personnel, all of which focused in part on the
16 Proprietary Confidential Information and the Confidential
17 Computer Software.  After leaving the employ of ANL, Defendants
18 Wedgerich and Herzog came to be employed by Defendant
19 SmartSignal.  As a result of Defendant Wedgerich and Herzog's
20 former employment with ANL, Expert Microsystems claims that
21 SmartSignal has wrongfully come into possession of the protected
22 Proprietary Confidential Information and the Confidential
23 Computer Software.  Further, Expert Microsystems alleges that
24 Defendant SmartSignal's past and present products contain the
25 Proprietary Confidential Information and the Confidential
26 Computer Software.
27 ///
28 ///

Concurrently with the present action, Defendant SmartSignal has a pending patent infringement suit in the Northern District of Illinois against Plaintiffs. In that action, Defendant SmartSignal claims that the patents registered by Expert Microsystems were created by Wedgerich and Herzog as a result of the professional relationship between ANL and Expert Microsystems. The majority of party-witnesses, non-party witnesses, and evidence for this case and the patent infringement case reside in Illinois.

**STANDARD**

Under Section 1404a a district court has "discretion to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir. 2000); (quoting *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)). On a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Hope v. Otis Elevator Co.,* 389 F.Supp.2d 1235, 1243 (E.D. Cal. 2005) (quoting *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F.2d 834, 843 (9th Cir. 1986)). The Court is required to balance multiple public and private interests which are categorized into the following four factors: (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the plaintiff's choice of forum; and (4) the interests of justice. *DeFazio v. Hollister Employee Share Ownership Trust,* 406 F.Supp.2d 1085, 1089 (E.D. Cal. 2005).

4

As a threshold matter, it is undisputed that the Northern District of Illinois is a proper venue in light of Title 28 U.S.C. § 1400(a), which provides that "an action arising under the Copyright Act may be brought in the district where the defendant resides."

## ANALYSIS

**1.   Conveniences of the Witnesses**

The convenience of the witnesses is said to be the most important factor in considering a transfer motion. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). In considering this factor, "courts consider the effect of a transfer on the availability of certain witnesses and their live testimony at trial." *DeFazio,* 406 F.Supp.2d at 1090 (citing *L.A. Mem'l Coliseum Comm'n*, 89 F.R.D. at 501). Affidavits or declarations are required to identify key witnesses and a generalized summary of their expected testimony. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). The moving party is required to provide the Court a means of evaluating the role of witnesses and the impact of a venue change on their function. *Id.* at 467.

The Defendants claim that this forum is inconvenient for the majority of witnesses involved. Specifically, of the thirty-four potential witnesses, thirty-one reside in Illinois rendering this an inconvenient forum as to them. This Court agrees.

5

The Defendants provided the Court with a declaration from counsel in the companion patent infringement suit identifying the names of potential key witnesses, the location of such witnesses and a brief summary of their expected testimony.  The testimony of key non-party witnesses from ANL and the University of Chicago directly relates to whether the Defendants had knowledge of the alleged copyrighted information and whether SmartSignal's products infringed on the Plaintiffs' copyrighted work.  The vast majority of these witnesses, and other party and non-party witnesses identified in the declaration reside in the Northern District of Illinois.  The Court finds it would be unduly burdensome to require these witnesses to travel to this forum particularly in light of the concurrent patent infringement trial underway in Illinois.  Consequently, this factor favors the granting Defendants' Motion for Change of Venue.

**2.    Convenience of the Parties**

This factor should favor the non-moving party if it merely shifts inconveniences from the defendants to the plaintiffs. *DeFazio,* 406 F.Supp. 2d at 1090.  When considering this factor, the Court may take into account the residence of the parties and the party witnesses. *L.A. Mem'l Coliseum Comm'n*, 89 F.R.D. at 501.  The Court may also consider the financial strength of each of the Parties. *DeFazio,* 406 F.Supp. 2d at 1090 (citing *Jones*, 211 F.3d at 499).

///
///

It is undisputed that the Northern District of Illinois is a more convenient forum for Defendants because Defendants' operations, employees and records are situated exclusively in Illinois. Conversely, the Plaintiffs would not suffer further inconvenience if forced to litigate this action in the Northern District of Illinois given Plaintiffs concurrent involvement in the companion patent infringement suit.

In addition, and more importantly, the Defendants assert that the vast majority of party witnesses are located within the Northern District of Illinois. Defendant SmartSignal's Vice President of Product Development, Manager of Software Development and fifteen of Defendant SmartSignal's programmers, all of whom were involved in the programming of the allegedly infringing software products, are Illinois residents. Conversely, the three known witnesses for the Plaintiffs reside in California and Massachusetts. As a result, the vast majority of party witnesses, including one of the Plaintiffs' witnesses, would be inconvenienced by litigating this case in this forum.

Finally, Plaintiffs argue that a transfer of venue will result in a disproportionately higher financial burden on them as contrasted with Defendants. Plaintiffs aver that, due to their minimal staff, sending witnesses to appear in an Illinois based proceeding will impose a considerable financial hardship. While the Court appreciates Plaintiffs' position, this inconvenience is insufficient to tip this factor in their favor.

///
///
///

1  The Court finds that permitting both actions to be litigated in
2  the Northern District of Illinois is not a mere shifting of the
3  inconveniences from the Defendants to the Plaintiffs.  Rather,
4  the Court finds that centralizing these proceedings will neither
5  shift the convenience to Plaintiff nor from Defendant weighing in
6  favor of granting Defendants' Motion.

**3.   Plaintiff's Choice of Forum**

Generally, a plaintiff's choice of forum is given great weight.  *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). When judging the Plaintiffs' choice of forum, consideration must be given to the extent of both Parties' contacts with the forum, including those relating to the Plaintiffs' cause of action.  *Id.* (internal citations and quotations omitted.)  If the operative facts did not occur within the forum and the forum has no interest in the parties or subject matter, the Plaintiffs' choice of forum is entitled to minimal consideration.  *Id.*  In addition, the operative facts in copyright infringement cases usually relate to the design, development and production of an infringing product.  *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F.Supp. 2d 525, 530 (S.D.N.Y. 2004) (citation omitted.)

As an initial matter, both Parties concede that the operative facts, including SmartSignal's design, development and production of the allegedly infringing products, occurred in the Northern District of Illinois.  In addition, Defendant SmartSignal has limited contacts with California in relation to Plaintiffs' claims further favoring transfer of venue.

Despite the foregoing, Plaintiffs contend that Defendants' Motion should be denied in that the Court's interest in protecting California residents from the tortious acts of non-residents supports retaining this action.  While the Court clearly agrees, only one of the two Plaintiffs in this action is a California resident, duly mitigating Plaintiffs' argument.

Given that Illinois is the location of the operative facts together with the Defendants' minimal contacts with the forum, this factor favors granting Defendants' Motion.

**4.     Interests of Justice**

When judging the interests of justice, the Court must consider public and private interests.  *Chicago, Rock Island & Pac. R.R. Co. v. Igoe,* 220 F.2d 299, 303 (7th Cir. 1955). Private factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive.  *Shropshire v. Fred Rappoport Co.*, 294 F.Supp. 2d 1085, 1095 (N.D. Cal. 2003). Public interests include administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the avoidance of unnecessary problems in conflict of laws, and the unfairness of burdening citizens in an unrelated forum with jury duty.  *Id.*
///
///
///

In the interests of judicial economy, a court may transfer to another court that has become familiar with the technical issues of a case. *Regents of the Univ. of Cal. v. Eli Lilly and Co.*, 119 F.3d 1559, 1565 (Fed.Cir. 1997).

This case undoubtedly entails consideration of highly technical facts present in both previously-filed actions pending in the Northern District of Illinois. Additionally, many of the government contracts alleged and described by Plaintiffs in their Complaint are the same contracts that are involved in the two Illinois cases. (Pipke Decl., ¶¶ 11-15). To be sure, transferring the Plaintiffs' suit to the Northern District of Illinois will make the trial of this case more expeditious than if adjudicated in this forum.

Further, four of the six claims in this matter are pursuant to either Federal or Illinois state law. (Complaint, Counts 1-3, 5.) Additionally, CRADA 9600901 and the Intellectual Property Licensing Agreement contain a choice of law provision that establishes Illinois as the governing state law. (Bickford Decl., Ex.C at 13; Bickford Decl., Ex.E at 9). Consequently, this factor also supports a transfer of venue in this case.

///
///
///
///
///
///
///
///

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Transfer this action to the Northern District of Illinois is GRANTED.

IT IS SO ORDERED.

DATED: October 10, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

11